IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OTAGWYN BROWN, #367376       *
    Plaintiff,
  v.                         *   CIVIL ACTION NO. ELH-13-2211

DR. MICHAEL JONES            *
    Defendant.
                         *****

MEMORANDUM

Otagwyn Brown is an inmate currently housed at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, who filed this 42 U.S.C. § 1983 complaint on July 30, 2013. ECF No. 1. He claims that while confined at the Roxbury Correctional Institution ("RCI") in May of 2011, he had a tooth extracted by Dr. Jones. Brown alleges that the following month he was seen by Dr. Jones for a follow-up examination and he complained that it felt "as if there is a piece of tooth left in the extraction site." He maintains, however, that Dr. Jones informed him that the site had healed perfectly. *Id*.

Brown further asserts that he was transferred from RCI in June of 2012 to the Maryland Correctional Training Center ("MCTC") and later complained of pain at the site of the extracted tooth, but he was never seen by dental personnel at MCTC. In March of 2013, Brown alleges that he was transferred to NBCI, and experienced pain and an odor emanating from the site. Brown contends that he filed a sick-call slip in April of 2013 and explained to the NBCI dentist that he was suffering pain from the extraction site. The site was x-rayed and it was determined that "the root tip and 2/5 of the tooth was still in my mouth." *Id*. Brown was given pain medication, treated with

penicillin for an infection that had developed, and had surgery to clean out the site in May of 2013. ECF No. 1. He sues only Dr. Jones and seeks declaratory relief, along with compensatory and punitive damages. Because Brown appears indigent, his motion for leave to proceed in forma pauperis shall be granted. The complaint shall, however, be summarily dismissed, without prejudice.

District courts are required to screen all civil cases brought by prisoners. *See McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). A district court must summarily dismiss an *in forma pauperis* complaint before service on the defendant if it is satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from defendants who are immune from such relief. *See Anderson v. XYZ Correctional Health Services,* Inc., 407 F.3d 674, 676 (4th Cir. 2005).

In filing a 42 U.S.C. § 1983 complaint, Brown must demonstrate that a constitutional right was violated.[1] At best, he raises a claim of negligent dental treatment against Dr. Jones for the failure to properly remove his tooth. The Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law. Not every lapse in prison medical care will rise to the level of a constitutional violation. *See Gindraw v. Dendler*, 967 F.Supp.833, 836-37 (E.D. Pa. 1997) (No Eighth Amendment claim stated regarding dentist's removal of tooth). Alleged medical negligence does not become a constitutional violation merely because the person affected is a prisoner. In order to meet the standard for liability under 42 U.S.C. § 1983, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth

---

[1] The court has no jurisdiction over a state inmate's medical negligence complaint in the

Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (mere malpractice or negligence in the diagnosis or treatment of a condition does not state a constitutional claim); *see also Pool v. Sebastian County, Arkansas*, 418 F.3d 934, 942 (8th Cir. 2005).

There is no claim that the dental procedures so deviated from the applicable standard of care as to be evidence of deliberate indifference. While Brown may proceed with a timely state common-law or statutory tort action, this court has no jurisdictional basis to review his medical malpractice claim under §1983. Therefore, Brown's complaint against Dr. Jones will be dismissed, *sua sponte*, pursuant to 28 U.S.C. § 1915(e) for the failure to state a claim upon which relief can be granted.

The undersigned finds that Brown has failed to demonstrate an Eighth Amendment deprivation. To the extent that Brown may wish to raise claims against other parties for delays in his dental treatment subsequent to the May 2011 dental surgery, his complaint shall be dismissed, without prejudice. A separate Order follows.


Date: August 28, 2013          /s/_____
                               Ellen Lipton Hollander
                               United States District Judge

---

absence of diverse parties. *See* 28 U.S.C. § 1332.